FRED W. ODWELL and GEORGE B. ODWELL, Appellants, *v.* ARTHUR B. MARTIN, Respondent.

Third Department, September 14, 1921.

Sales — action for breach of contract for failure to deliver part of goods — counterclaim for goods delivered — tender by plaintiffs in full settlement of all demands — question for jury whether tender rejected — if tender accepted neither party had cause of action — judgment not reversed for technical errors.

In an action to recover damages for failure to deliver a part of a bill of goods, it appeared that the plaintiffs sent a draft to the defendant with a letter saying, " Enclosed find my draft for $31.70 in full settlement of all claims and demands to date; " that about two weeks thereafter they commenced the present action and that about one month after the action was commenced defendant interposed an amended answer alleging that the draft was sent and that he declined to receive it and set up a counterclaim for the value of the goods delivered. *Held,* on all the evidence, that it was error for the court to hold as matter of law that the defendant had refused to receive the draft.

However, if the defendant had accepted the draft as plaintiffs contend, that would have settled all claims which either party had against the other growing out of the matters in controversy, and the acceptance would have been a complete answer to plaintiffs' cause of action, and so it would be useless to reverse the judgment for technical errors when the first judgment is more favorable to plaintiffs than any new judgment they could obtain.

WOODWARD and KILEY, JJ., dissent.

APPEAL by the plaintiffs, Fred W. Odwell and another, from a judgment of the County Court of the county of Delaware in favor of the defendant, entered in the office of the clerk of said county on the 22d day of December, 1916, upon the verdict of a jury rendered by direction of the court.

The action was commenced in Justice's Court. Judgment was rendered for plaintiffs and defendant appealed, demanding a new trial in County Court.

*Edward E. Conlon,* for the appellants.

*E. D. Cumming,* for the respondent.

JOHN M. KELLOGG, P. J.:

The action was brought to recover damages for a failure to deliver a bill of cigarettes purchased from the defendant. The goods were to be delivered f. o. b. Downsville, and were not delivered. As a part of the same purchase the plaintiffs bought of the defendant, on the same terms, tobacco for thirty-eight dollars and forty-two cents, which was duly delivered. The controversy arose between the parties with reference to the non-delivery of the cigarettes. Defendant refused to accept payment for the tobacco without payment for the cigarettes, claiming it an entire transaction, and sued the plaintiffs in Justice Court for the purchase price, which action came to an end without definite result. Immediately thereafter, and on July 14, 1913, the plaintiffs sent to the defendant a draft to his order for thirty-one dollars and seventy cents, accompanied with a letter saying: " Enclosed find my draft for $31.70 in full settlement of all claims and demands to date," which letter and draft were received in due course of mail. On the 25th of July, 1913, the plaintiffs brought this action for damages for failure to deliver the cigarettes, the summons being returnable August first. The defendant thereupon mailed the draft and letter to his attorney to defend the case, and upon the return day an answer was put in with the understanding that it was to be amended, and the case was adjourned to August twenty-second, when the answer was amended, alleging that the draft was sent to the defendant and he had declined to receive it, and that he brought and tendered it into court, and pleaded a counterclaim for goods sold fifty-five dollars.

The court, upon the trial, decided as matter of law that the defendant had refused to receive the draft and that his counterclaim for the tobacco, and interest thereon, amounting in all to thirty-eight dollars and forty-two cents, was estab-

lished, leaving to the jury the question of damages on account of the failure to deliver the cigarettes. Plaintiffs had a verdict for two dollars and fifty cents, which the court deducted from the counterclaim and rendered judgment for defendant for thirty-five dollars and ninety-two cents and costs.

The plaintiffs' alleged grievance here is that the court took from the jury the question whether or not the draft was received in settlement. I think it was error for the court to hold as matter of law that the draft had not been accepted.

The situation was that the plaintiffs had offered the draft in full settlement of all claims and demands to date, and if the defendant had accepted it, that would have settled all claims which either party had against the other growing out of the matters in controversy, and the acceptance would have been a complete answer to plaintiffs' cause of action, and judgment would have gone against them for costs. The plaintiffs, therefore, have been benefited by the mistake of the justice and have no substantial grievance here.

It would be useless to reverse the judgment and order a new trial when this judgment is more favorable to plaintiffs than any new judgment they could obtain. The draft will help them out in paying the judgment. The object of a lawsuit is to administer justice between the parties and not to settle technical questions of practice.

We conclude, therefore, that the error of the court below was not prejudicial to the appellants. The judgment should be affirmed, without costs.

COCHRANE and VAN KIRK, JJ., concur; WOODWARD and KILEY, JJ., dissent.

Judgment affirmed, without costs.